IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Local 1575, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION AFL-CIO<br><br>Plaintiff<br><br>vs.<br><br>HORIZON LINES OF PUERTO RICO INC.,<br><br>Defendant | CIVIL NO.<br><br>DEMAND FOR A JURY TRIAL |

## *COMPLAINT*

TO THE HONORABLE COURT:

*Comes now* plaintiff Local 1575, International Longshoremen's Association AFL-CIO, in the above captioned case by and through the undersigned attorney and very respectfully states, alleges and prays:

### *I. BASIS FOR JURISDICTION*

1. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to Section 301 (a) of the Labor and Management Relation Act (L.M.R.A.), 29 U.S.C. Sec. 185(a), Title 28 U.S.C. Sec. 2201 (1) and 2202, and 29 U.S.C. Sec. 1132, as well as over the aforementioned Defendant. This Court also has supplemental jurisdiction pursuant to Act 379 of May 15, 1948, as amended, 29 P.R. Law Ann. §§ 271 et seq.

2. The plaintiff seek to enforce an arbitration award of Arbitrator Idabelle Vazquez-Perez of the Arbitration and Conciliation Bureau of the Labor Department of the Commonwealth

1

Puerto Rico holding that the company violated the seniority provisions of the collective bargaining agreement (CBA) as well as the working hours clauses by assigning working hours to an employee named Edwin Garcia instead to workers Carlos Velez and Carlos Mundo.

## II. PARTIES

3. Local 1575 of the International Longshoremen's Association, AFL-CIO, hereinafter referred as to "Local 1575", is the exclusive collective bargaining representative as defined by the Labor Management Relations Act, 29 U.S.C. § 9, of Horizon Lines' employees it engages in the loading, unloading and related activities of ships and cargo.

4. Local 1575 is a labor organization within the meaning of § 2 (5) of the LMRA.

5. Horizon Lines of Puerto Rico, Inc., hereinafter referred as to "Horizon", is a corporation doing business in the Commonwealth of Puerto Rico, and it is engaged in the maritime transportation of cargo between the Port of San Juan, Puerto Rico, as well as in various ports of the United States of America.

## III. STATEMENT OF FACTS

6. On April 15th 2005 the parties freely and voluntarily entered into a Collective Bargaining Agreement (the contract, CBA).

7. By virtue of said contact Local 1575 was to "carry out all work performed by the company", that is, namely Horizon Lines, in the loading and unloading of cargo and related activities. Said collective bargaining agreement was expressly made retroactive in all of its substantive terms and conditions to the 1st day of October 2004.

8. As specified in the preamble as well as in Article I of the "CBA", Local 1575 was recognized as the exclusive bargaining representative of the employees employed by Horizon, in all ports in Puerto Rico engaged in the handing of cargo and, inter alia, the loading and unloading of its vessels.

9. Pursuant to Article XVI of the CBA all disputes between the union and the company respecting to the interpretation or implementation of the agreement shall be resolved by arbitration. In accordance thereof, the parties submitted to arbitration a labor dispute regarding the assignment of overtime.

10. On May 28, 2008 Arbitrator Idabelle Vazquez-Perez of the Arbitration and Conciliation Bureau of the Labor Department of the Commonwealth Puerto Rico issued an Award in the case number A-08-2659 holding that the company violated the seniority provisions of the CBA recognized in Article IV of the same as well as the working hours clauses contained in Article VI (A)(2) by assigning working hours to an employee named Edwin Garcia instead to workers Carlos Velez and Carlos Mundo.

11. The Award ordered the payment of the overtime amount paid to Edwin Garcia to both workers Velez and Mundo. The same also granted a cease and decease order against the company and ordered the payment of attorney fees in a amount equal to 15% of the overtime both Velez and Mundo are entitle to pursuant to Act 379 of May 15, 1948, as amended, 29 P.R. Law Ann. § 271 et seq.

12. On or about June 27, 2008 the herein defendant Horizon filed before this Court in the case number 08-1694 (CCC) a Petition to Vacate Arbitration Award. Nonetheless, on July 17, 2010 the district court entered Judgment dismissing Horizon's petition. Thus, the aforementioned arbitration award is final and binding upon the parties.

13. Plaintiff is entitle to demand, as a matter of substantive law, the specific performance of the arbitration award and thus, overtime working hours as described in the collective bargaining agreement as well as the attorney fees granted.

## Count I
### (Breach of Contract)

14. Plaintiff re-alleges and re-incorporates all factual matters addressed as breaches of contract.

15. Plaintiff is entitled to a cause of action for breach of contract pursuant to Section 301 of the L.M.R.A., 29 U.S.C. § 185.

16. As consequence of Defendant's action in not properly recruiting the specific personnel, Plaintiff has suffered economic damages in an amount of not less than $25,000.00.

## Count II
### (29 P.R. Laws Ann. § 274)

17. Plaintiff re-alleges and re-incorporates all factual matters addressed as breaches of contract.

18. Local 1575 is entitled to a cause of action pursuant to 29 P.R. Law Ann § 274 to obtain the specific compliance of the arbitration award of the C.B.A. and to recover the unpaid overtime salaries and a double indemnity provided by the Act.

19. As consequence of Defendant's action in not properly recruiting the specific personnel, Plaintiff has suffered economic damages in an amount of not less than $50,000.00.

### Count III
(Attorney's Fees)

20. Plaintiff re-alleges and re-incorporates all factual matters addressed as breaches of contract.

21. Plaintiff is entitle to attorney fees in an amount of not less than $10,000.00.

### IV. PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed of this Honorable Court it grant this complaint in its entirety and impose upon the defendant the cost, expenses of the litigation as well as attorney fees.

In San Juan, Puerto Rico, this April 12, 2011.

s/ Arturo Luciano Delgado
USDC - PR 206306
Attorney for Plaintiff
Arturo Luciano Law Offices
1055 J.F. Kennedy Ave. PH Suite
San Juan, Puerto Rico 00920-1711
Tels. 782-08206 & Fax. 783-9056
E-mail. LucianoLawOffice@aol.com